**FILED**
**JUL 25 2012**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN ROBERT DEMOS, JR., | ) | Civ. 12-4096-LLP |
| Plaintiff, | ) | |
| vs. | ) | ORDER DISMISSING COMPLAINT |
| THE UNITED STATES, and THE STATE OF WASHINGTON, | ) | |
| Defendants. | ) | |

Plaintiff, John Robert Demos, Jr., moves for leave to proceed in forma pauperis in his lawsuit against defendants. Demos is incarcerated at the Clallam Bay Corrections Cneter in Clallam Bay, Washington. Demos seeks to file an admiralty action, asserting that "the State of Washington law enforcement officers boarded a foreign vessel without the consent of the foreign state[.]" Docket 1 at 3. Demos asserts that this amounted to piracy and that he was a passenger aboard the cruise ship, *Blue Water Adventures. Id.* at 4-5. Demos seeks "mental, emotional, psychological, moral, statuory, general, special, and remedial damages." *Id.* at 5.

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, requires "[a] prisoner seeking to bring a civil action . . ." to make an initial partial filing payment where possible, even if in forma pauperis status is sought. When an inmate seeks in forma pauperis status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (internal citations omitted). The PLRA also provides that :

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, *on 3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C.§ 1915(g) (emphasis added).

Demos has a long history of abusive litigation. He has filed numerous actions in other courts that qualify as strikes against him under section 1915(g). *See e.g., Demos v. Ryan*, Civil No. 00-921 (D.N.J. Sept. 18, 2000)(failure to state a claim); *Demos v. Warner-Lambert Co.*, Civil No. 94-5309 (D.N.J. Aug. 28, 1995)(failure to state a claim); *Demos v. Doe, Chairman, Mars Incorporated Candy Co.*, Civil No. 94-4780 (D.N.J. Sept. 30, 1994)(dismissed as frivolous). The case of *Demos v. Doe, Chairman, American Institute for Food Distribution*, Civil No. 05-5843, 2006 WL 891447 (D.N.J. Apr. 4, 2006) provides a list of twenty-five other lawsuits that have been dismissed as frivolous or for failure to state a claim. Additionally, Demos has had cases dismissed because of application of the three strikes rule. *See e.g., Demos v. Doe, Chairman, American Institute for Food Distribution*, Civil No. 05-5843, 2006 WL 891447 (D.N.J. Apr. 4, 2006); *Demos v. Doe, Chairman, Master Foods USA*, Civil No. 05-5806, 2006 WL 840391 (D.N.J. March 24, 2006). Demos has even been sanctioned by the Supreme Court of the United States for frivolous filings. *See Demos v. Storrie*, 507 U.S. 290, 290-91 (1993).

Because Demos has had at least three civil complaints or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted, he is required to show that he is in "imminent danger of serious physical injury" before he may proceed in forma pauperis. Demos does not make this allegation. Thus, he is barred from litigating in forma pauperis under 28 U.S.C. § 1915(g). Therefore, it is

ORDERED that Demos's motion for leave to proceed in forma pauperis (Docket 2) is denied and his complaint is dismissed pursuant to § 1915(g).

Dated this 25th day of July, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY

2